07-22570.o3

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-22570-CIV-MARTINEZ-BROWN

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

U.S. PENSION TRUST CORP., et al,

    Defendants.
_____/

### ORDER DENYING MOTION TO DEEM REQUESTS FOR ADMISSIONS ADMITTED

**THIS MATTER** is before this Court on Plaintiff...'s Motion to Deem as Admitted Plaintiff's First Request for Admissions ... (D.E. 27). The Court has considered the motion, the response, the reply, and all pertinent materials in the file.

The motion seeks to have requests for admissions deemed admitted by the Court because the responses submitted were untimely. One would think, by reading this motion, that the late responses were submitted at least weeks, if not months, after the requests were propounded. In fact they were submitted within eight days of the deadline, and within approximately twenty four (24) hours of the improper attempt by plaintiff to comply with Local Rule 7.1.A.3...and this motion was filed after receipt of the responses. In sum, this motion is an all too typical example of the "sharp pencil", "gotcha", form of practice that is seen far more often than an attorney's oath to be an officer of the Court would suggest.

In the first place, plaintiff has failed to comply with Local Rule 7.1.A.3. Sending a letter to respond by the end of that day hardly constitutes the "good faith "effort required by the rule. Viewed

in a light most favorable to plaintiff, it does not even rise to a token attempt to comply, much less a compliance in accordance with the clear meaning of the rule, to say nothing of the spirit and intent of same. This was an attempt to give the pre-filing conference requirement "lip service" - not to get the overdue responses, but to satisfy a "condition precedent" to getting them deemed admitted.

Secondly, in the event this Court must reach the issue of allowing the late response under FRCP 6(b), it will allow same. While the reply suggests that the defendant "fails to explain why the Court should grant her an extension of time...(page 4 of the reply), this ignores the change of service of papers addressed in the response and the circumstances surrounding same (see pages 1-2 of the response).

Finally, even if this Court were to strictly construe FRCP 36 (a) and deem the requests admitted, a motion to withdraw said admissions pursuant to FRCP 36(b) would be the next step and would clearly be granted. It is clear that this relief would be well within the discretion of the Court. See, e.g., Perez v. Miami-Dade County, 297 F. 3d 1255, 1263-65 (11th Cir. 2002). That rule makes the preference for resolving cases on the merits the priority. See, e.g., Smith v. First National Bank of Atlanta, 837 F. 2d 1575, 1577 (11th Cir. 1988). Given the very short period of time between the due date for the response and the date they were sent, there can be little doubt that the circumstances overwhelmingly favor allowing the late filing.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of June, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Jose E. Martinez
Counsel of record